IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTA ANN IWANIW, <br> Plaintiff, <br> v. <br> EARLY WARNING SERVICES, LLC, <br> Defendant. | CIVIL ACTION NO. 20-5266 |

## MEMORANDUM OPINION

Rufe, J.                                                                                                                                July 28, 2021

Plaintiff Christa Ann Iwaniw brings this action against Defendant Early Warning Services ("EWS"), a consumer reporting agency,[1] alleging violations of the Fair Credit Reporting Act ("FCRA") and the Fair and Accurate Transactions Act ("FACTA"). EWS has moved to dismiss, arguing that Iwaniw failed to establish standing and failed to state a plausible claim for relief under the FCRA. Because Iwaniw lacks standing, the motion to dismiss will be granted.

**I.    BACKGROUND**[2]

EWS maintained a file on Iwaniw's personal and financial information for the purpose of preparing her consumer disclosure reports.[3] As a consumer, Iwaniw "regularly and continuously monitors" the information in her file.[4] Between April 2019 and July 2020, Iwaniw requested her

---

[1] Consumer reporting agencies compile personal and financial information about individual consumers to create consumer reports. *See* 15 U.S.C. § 1681a(f).

[2] The following facts, alleged in the Complaint, are assumed to be true for purposes of this Motion to Dismiss unless otherwise stated.

[3] Compl. ¶¶ 8, 10 [Doc. No. 2].

[4] *Id.* ¶ 10.

consumer disclosure reports from EWS and asked that EWS redact the first five digits of her social security number ("SSN").[5] Iwaniw alleges that EWS sent her four reports by mail and that each report included her full SSN in violation of 15 U.S.C. §1681g(a)(1)(A).[6]

Iwaniw alleges that she was injured by EWS's repeated failures to redact her SSN because she is now afraid to request her report in the future.[7] She fears that if EWS sends her another report with her full SSN, the report may be "mis-delivered, intercepted or seen by unauthorized third parties."[8] Although Iwaniw alleges that this threat enhances her "risk of identity theft,"[9] she does not allege that anyone else saw the reports that led to this action.

## II.   LEGAL STANDARD

When a defendant moves to dismiss a complaint pursuant to Rule 12(b)(1) and disputes whether the facts as pleaded create Article III standing, it is considered a facial standing challenge.[10] A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court . . . .".[11] To have standing to sue in federal court, a plaintiff must be able to establish: (1) an injury-in-fact, (2) fairly traceable to the challenged conduct of the defendant, (3) that will likely be redressed by a favorable judicial decision.[12] In reviewing a facial standing challenge, a court may find that the complaint's general

---

[5] *Id.* ¶ 15.

[6] *Id.* ¶¶ 16-17.

[7] *Id.* ¶ 32.

[8] *Id.*

[9] *Id.*

[10] *Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 109 (3d Cir. 2019).

[11] *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

allegations of injury-in-fact are adequate if the complaint "'clearly and specifically set[s] forth facts sufficient to satisfy' Article III."[13] The court must consider the alleged facts in the light most favorable to the plaintiff.[14]

Under Rule 12(b)(6), dismissal of a complaint for failure to state a claim is appropriate where a plaintiff's "plain statement" lacks enough substance to show that they are entitled to relief.[15] In determining whether a motion to dismiss should be granted, the court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom," and consider them in the light most favorable to the non-moving party.[16] A court is not, however, required to accept as true "a legal conclusion couched as a factual allegation."[17] To survive a motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level."[18] That is, a plaintiff must plead "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[19]

In ruling on either a facial Rule 12(b)(1) or Rule 12(b)(6) motion to dismiss, a district court applies the same standard of review, and must only consider the allegations of the complaint and documents referenced therein and attached thereto."[20]

---

[12] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

[13] *Kamal*, 918 F.3d at 109 (quoting *Reilly v. Ceridian Corp.*, 664 F.3d 38, 41 (3d Cir. 2011)).

[14] *Aichele*, 757 F.3d at 358.

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[16] *DeBenedictis v. Merrill Lynch & Co.*, 492 F.3d 209, 215 (3d Cir. 2017) (internal quotation marks omitted).

[17] *Twombly*, 550 U.S. at 555.

[18] *Id.*

[19] *Gelman v. State Farm Mut. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[20] *Aichele*, 757 F.3d at 358 (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)) (internal quotation marks omitted). In opposing EWS's motion, Iwaniw attached an affidavit to her response. EWS argues

### III. DISCUSSION

EWS argues that Iwaniw has not alleged an injury-in-fact. To plead an injury-in-fact, a plaintiff must allege "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."[21] Relevant here is the Article III requirement that the plaintiff's injury-in-fact be "concrete"—that is, "real, and not abstract."[22]

The Supreme Court recently held in *TransUnion LLC v. Ramirez* that courts should consider "whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts."[23] "That inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury."[24] Certain tangible harms, such as "physical harms and monetary harms" readily satisfy the concreteness requirement.[25] Thus, "[i]f a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III."[26] In addition, various intangible "injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts" can also satisfy the concreteness requirement .[27] Those traditional harms include the "disclosure of private information."[28]

---

that the affidavit should be stricken because resolution of the motion to dismiss cannot consider material beyond the Complaint. Def.'s Reply 2-3 [Doc. No. 20]. The affidavit is not properly considered in assessing the motion. However, even if the affidavit were considered, it would not change the Court's analysis.

[21] *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (internal quotation marks and citation omitted).

[22] *Id.* (internal quotation marks omitted).

[23] 141 S. Ct. 2190, 2204 (2021) (quoting *Spokeo*, 136 S. Ct. at 1549)).

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.*

Importantly, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."[29] Because "Article III standing requires a concrete injury even in the context of a statutory violation, [a plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement."[30] Instead, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court."[31]

Here, Iwaniw's alleged injury stems from EWS's failure to redact the first five digits of her SSN from the mailings, despite her requests to do so. As Iwaniw notes, the statutory redaction requirements are designed to protect consumers' interests in receiving their disclosure reports in a secure manner, and to prevent identity theft should the reports be disseminated to unauthorized third parties. Iwaniw further argues that the EWS mailings were formatted incorrectly under the statute, which deprived her of the right to receive information in the required format. However, these are bare procedural violations; Plaintiff has not alleged that the unredacted reports were disseminated to unauthorized third parties or that her SSN was disclosed to others.[32] Plaintiff has not suffered a concrete harm for purposes of standing.

Iwaniw also argues that EWS's formatting violations create a risk of future harm by putting her at a "repeated risk of identity theft" and that she is now afraid to request reports from EWS.[33] However, as the Supreme Court held in *Ramirez*, which was decided after the briefing in

---

[29] *Spokeo*, 136 S. Ct. at 1549.

[30] *Id.*

[31] *Ramirez*, 141 S. Ct. at 2205.

[32] *Id.* at *15 (quoting *Spokeo*, 136 S. Ct. at 1549).

this case concluded, "the risk of future harm on its own does not support Article III standing" for a claim of damages."[34] The Court declined to decide whether exposure to the risk of future harm itself could cause a separate injury, "such as an emotional injury," which may suffice for Article III purposes.[35] However, even if such an injury may be sufficient to confer standing in some cases, the potential harm in this case is too hypothetical and remote as "this particular incident has caused no harm" and Plaintiff does not allege that the reports already provided could cause her harm in the future.[36] Instead, the harm would only come if Plaintiff were to request another report, and if the sealed envelope were to be misdirected or intercepted. Speculation upon speculation does not constitute a material risk of harm. The case will be dismissed for lack of standing.[37]

## IV. CONCLUSION

Federal law requires EWS to redact the first five digits of an SSN upon request. According to the allegations of the Complaint, EWS, an entity owned by seven major banks, wantonly and inexplicably disregards its legal obligation.[38] Nevertheless, under Supreme Court

---

[33] Compl. ¶ 32 [Doc. No. 2].

[34] *Ramirez*, 141 S. Ct. at 2213.

[35] *Id.* at 2211, n.7 ("For example, a plaintiff's knowledge that he or she is exposed to a risk of future physical, monetary, or reputational harm could cause its own current emotional or psychological harm. We take no position on whether or how such an emotional or psychological harm could suffice for Article III purposes[.]").

[36] *Freeman v. Early Warning Servs., LLC*, 443 F. Supp. 3d 581, 585 (E.D. Pa. 2020).

[37] Because the case will be dismissed for lack of standing, the Court does not reach Defendant's arguments under Rule 12(b)(6).

[38] EWS is owned by Wells Fargo Bank, N.A., Bank of America, N.A., Truist Bank, JPMorgan Chase Bank N.A., U.S. Bank, N.A., PNC Bank, and Capital One Bank N.A. *See* Rule 7.1 Disclosure Statement [Doc. No. 8].

precedent, Iwaniw lacks standing to bring her claims and therefore the motion to dismiss must be granted.[39] An order will be entered.

---

[39] The Court expresses no opinion on the question of whether Plaintiff might be able to pursue a complaint administratively, such as through the Consumer Financial Protection Bureau.